# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> SHAWN RODRIGUEZ, <br><br> Defendant. | CR 01-99-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Shawn Rodriguez (Rodriguez) has been accused of violating the conditions of his supervised release. Rodriguez admitted all of the alleged violations. Rodriguez's supervised release should be revoked. Rodriguez should receive a custodial sentence of time served, with 32 months of supervised release to follow. Rodriguez should be subject to the supervised release conditions imposed previously and the following two new conditions:

    1.    Rodriguez must take all of the mental health medications prescribed by his treating physicians; and

    2.    Rodriguez must submit his person, residence, vehicles, and papers to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to

submit to search may be grounds for revocation. Rodriguez must warn any other occupants that the premises may be subject to searches pursuant to this condition. Rodriguez must allow seizure of suspected contraband for further examination.

## II. Status

Rodriguez pleaded guilty to Conspiracy to Distribute Methamphetamine on December 3, 2001. (Doc. 20). The Court sentenced Rodriguez to 230 months of custody, followed by 3 years of supervised release. (Doc. 31). Rodriguez's current term of supervised release began on July 22, 2019. (Doc. 70 at 1).

**Petition**

The United States Probation Office filed a Petition on October 15, 2019, requesting that the Court revoke Rodriguez's supervised release. (Doc. 70). The Petition alleges that Rodriguez violated the conditions of his supervised release: 1) by using a controlled substance; 2) by failing to report for substance abuse treatment; and 3) by using amphetamines and methamphetamine. (Doc. 70 at 1-2).

**Initial appearance**

Rodriguez appeared before the undersigned for his initial appearance on October 17, 2019. Rodriguez was represented by counsel. The Court determined that Rodriguez may be suffering from a mental disease or defect that should be

2

evaluated before he participated in a revocation hearing. The Court ordered Rodriguez to undergo a mental evaluation.

**Mental Evaluation**

Rodriguez underwent a mental evaluation at the Metropolitan Correctional Center in New York, New York beginning on or about December 3, 2019. Forensic Psychologist Dr. Ashley S. Jenkins, Psy.D. conducted the mental evaluation. Dr. Jenkins determined that Rodriguez did present with a mental disease, that being "Adjustment Disorder; with Mixed Disturbance of Emotions and Conduct; Acute; With Panic Attacks," but Rodriguez did "not present with a mental defect." (Doc. 81-1 at 20). Rodriguez agreed that he was competent. (Doc. 82 at 2). The Court granted Rodriguez's motion to vacate his competency hearing. *Id.*

**Revocation hearing**

The parties consented to proceed with the revocation hearing before the undersigned. The Court conducted a revocation hearing on February 19, 2020. Rodriguez stated that he had read the petition and that he understood the allegations. Rodriguez waived his right to a preliminary hearing.

Rodriguez admitted that he had violated the conditions of his supervised release: 1) by using a controlled substance; 2) by failing to report for substance

abuse treatment; and 3) by using amphetamines and methamphetamine. The violations are serious and warrant revocation of Rodriguez's supervised release.

Rodriguez's violations are Grade C violations. Rodriguez's criminal history category is V. Rodriguez's underlying offense is a Class C felony. Rodriguez could be incarcerated for up to 24 months. Rodriguez could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Rodriguez's supervised release should be revoked. Rodriguez should receive a custodial sentence of time served, with 32 months of supervised release to follow. Rodriguez should be subject to the supervised release conditions imposed previously and the following two new conditions:

1. Rodriguez must take all of the mental health medications prescribed by his treating physicians; and

2. Rodriguez must submit his person, residence, vehicles, and papers to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. Rodriguez must warn any other occupants that the premises may be subject to searches pursuant to this condition. Rodriguez must allow seizure of suspected contraband for further examination.

## IV. Conclusion

The Court informed Rodriguez that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Rodriguez of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Rodriguez that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Rodriguez stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Shawn Rodriguez violated the conditions of his supervised release: by using a controlled substance; by failing to report for substance abuse treatment; and by using amphetamines and methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Rodriguez's supervised release and commit Rodriguez to the custody of the United States Bureau of Prisons for a term of time served, with 32 months of supervised release to follow. Rodriguez should be subject to the supervised release conditions imposed previously and the following two new conditions:
>
> 1. Rodriguez must take all of the mental health medications prescribed by his treating physicians; and

2. Rodriguez must submit his person, residence, vehicles, and papers to a search, with or without a warrant by any probation officer based on reasonable suspicion of contraband or evidence in violation of a condition of release. Failure to submit to search may be grounds for revocation. Rodriguez must warn any other occupants that the premises may be subject to searches pursuant to this condition. Rodriguez must allow seizure of suspected contraband for further examination.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 20th day of February, 2020.

John Johnston
United States Magistrate Judge