IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN RODRIGUEZ,<br><br>Defendant. | CR 01-99-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Shawn Rodriguez (Rodriguez) has been accused of violating the conditions of his supervised release. Rodriguez admitted alleged violations 6 and 7. The Court dismissed alleged violation 1 on the government's motion. The government proved alleged violations 2, 3, 4, 5 and a portion of alleged violation 8. With respect to alleged violation 8, the government proved by a preponderance of evidence that Rodriguez had possessed methamphetamine on or about September 2, 2020. The government failed to prove, however, that Rodriguez possessed the methamphetamine with the intent to distribute it. Rodriguez's supervised release should be revoked. Rodriguez should be placed in custody for 9 months, with 14 months of supervised release to follow. Rodriguez should serve the first 60 days of supervised release in a secure inpatient drug treatment facility.

If Rodriguez is unable to receive drug treatment at a drug treatment facility under contract with the United States Probation Office, Rodriguez should be required to make a good faith effort to obtain drug treatment from a drug treatment facility on an Indian reservation.

## II.  Status

Rodriguez pleaded guilty to Conspiracy to Distribute Methamphetamine on December 3, 2001. (Doc. 20). The Court sentenced Rodriguez to 230 months of custody, followed by 3 years of supervised release. (Doc. 31). Rodriguez's current term of supervised release began on July 6, 2020. (Doc. 104 at 2).

**Petition**

The United States Probation Office filed a Petition on September 8, 2020, requesting that the Court revoke Rodriguez's supervised release. (Doc. 104). The Petition alleges that Rodriguez violated the conditions of his supervised release: 1) by failing to report for mental health treatment; 2) by failing to follow the instructions of his probation office; 3) by failing to report for substance abuse treatment; 4) by possessing a controlled substance; 5) by using methamphetamine; and 6) by committing another crime. (Doc. 104 at 2-4).

### Initial appearance

Rodriguez appeared before the undersigned for his initial appearance on September 30, 2020. Rodriguez was represented by counsel. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on October 6, 2020. Rodriguez stated that he had read the petition and that he understood the allegations. Rodriguez waived his right to a preliminary hearing.

Rodriguez admitted alleged violations 6 and 7. The Court dismissed alleged violation 1 on the government's motion. The government proved alleged violations 2, 3, 4, 5 and a portion of alleged violation 8. With respect to alleged violation 8, the government proved by a preponderance of evidence that Rodriguez had possessed methamphetamine on or about September 2, 2020. The government failed to prove, however, that Rodriguez possessed the methamphetamine with the intent to distribute it. The violations that Rodriguez admitted and that the government proved are serious and warrant revocation of Rodriguez's supervised release.

Rodriguez's violations are Grade B violations. Rodriguez's criminal history category is V. Rodriguez's underlying offense is a Class C felony. Rodriguez

3

could be incarcerated for up to 24 months. Rodriguez could be ordered to remain on supervised release for up to 29 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 18 to 24 months.

### III. Analysis

Rodriguez's supervised release should be revoked. Rodriguez should be placed in custody for 9 months, with 14 months of supervised release to follow. Rodriguez should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. If Rodriguez is unable to receive drug treatment at a drug treatment facility under contract with the United States Probation Office, Rodriguez should be required to make a good faith effort to obtain drug treatment from a drug treatment facility on an Indian reservation.

### IV. Conclusion

The Court informed Rodriguez that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Rodriguez of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Rodriguez that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That Shawn Rodriguez violated the conditions of his supervised release: by failing to follow the instructions of his probation officer; by failing to report for substance abuse treatment; by using methamphetamine; by failing to report for mental health treatment; and by possessing methamphetamine.

The Court **RECOMMENDS:**

That the District Court revoke Rodriguez's supervised release and commit Rodriguez to the custody of the United States Bureau of Prisons for 9 months, with 14 months of supervised release to follow. Rodriguez should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. If Rodriguez is unable to receive drug treatment at a drug treatment facility under contract with the United States Probation Office, Rodriguez should be required to make a good faith effort to obtain drug treatment from a drug treatment facility on an Indian reservation.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may

waive the right to appear and allocute before a district court judge.

DATED this 7th day of October, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge